**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

                Plaintiff,

                                                1:20-MC-045
      v.                                         (LEK/DJS)

AMCLAIMS and JEFFREY GAUL,

                Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

GOLDBERG SEGALLA, LLP          JONATHAN M. BERNSTEIN, ESQ.
Attorney for Plaintiff
8 Southwoods Boulevard, Suite 300
Albany, NY 12211

BUTLER WEIHMULLER KATZ       JANICE BUCHMAN, ESQ.
CRAIG, LLP
Attorney for Plaintiff
400 N. Ashley Drive, Ste. 2300
Tampa, FL 33602

JEFFREY GAUL
Defendant *pro se*
Niskayuna, NY 12309

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

    Plaintiff issued the subpoena at issue here in conjunction with litigation pending in the Middle District of Florida, *Westchester Surplus Lines Ins. Co. v. ATA Fishville, LLC*, 2:19-cv-297 ("the Florida Action"). Dkt. No. 1-6. Plaintiff commenced this

- 1 -

proceeding to enforce compliance with the subpoena under FED. R. CIV. P. 45. Dkt. No. 1. Following several conferences and court orders, Jeffrey Gaul has produced some documentation to Plaintiff in response to the subpoena. *See* Dkt. No. 26 at p. 3. Plaintiff asks the Court to direct further production. Dkt. Nos. 26, 28, 32, & 33.

Rule 45 authorizes the Court to direct compliance with a subpoena. *City of Almaty, Kazakhstan v. Ablyazov*, 2018 WL 11270113, at *2 (S.D.N.Y. Feb. 28, 2018). The Rule also commands that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv); *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). "The reach of a subpoena issued pursuant to FED. R. CIV. P. 45 is subject to the general relevancy standard applicable to discovery under FED. R. CIV. P. 26(b)(1)." *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998). Under Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).

"Determinations of 'undue burden' are made in the discretion of the trial court." *Vale v. Great Neck Water Pollution Control Dist.*, 2016 WL 1072639, at *4 (E.D.N.Y. Jan. 8, 2016) (citing cases); *see also Funk v. Belneftekhim*, 2018 WL 11169668, at *1 (E.D.N.Y. May 31, 2018) ("determinations of reasonableness and undue burden - are entrusted to the sound discretion of the district court.") (internal quotations omitted). In

applying these standards, "courts are instructed to be especially solicitous of non-party targets of subpoenas." *In re Namenda Direct Purchaser Antitrust Litig.*, 2017 WL 3822883, at *4 (S.D.N.Y. Aug. 30, 2017).

On the facts of this case, the Court concludes that ordering further proceedings to enforce the subpoena is not warranted under the Rules.

Mr. Gaul has provided 262 pages of documentation to Plaintiff in response to the subpoena. *See* Dkt. No. 26 at p. 3. He avers in a sworn statement that other than the documents disclosed to date he has "found no additional documents" and that he has "not knowingly withheld any document." Dkt. No. 31 at ¶ 10. He also states that any electronic files that he had are no longer available due to issues with his computer. *Id.* at ¶ 11. Plaintiff seeks additional disclosure on several grounds. First, it indicates that Mr. Gaul must have other documents that he has not provided to it because Plaintiff received those documents during the course of discovery in the Florida Action. Dkt. No. 26 at ¶ 5. Based on Plaintiff's understanding of the underlying facts, it also contends that "Defendants should have more documents than [they] produced." *Id.* at ¶ 6.

While the fact that a party may be able to obtain the information from another source does not *per se* excuse compliance with a subpoena, *see* Dkt. No. 24 at pp. 5-6, the fact that the party seeking the information *has already obtained that information* is a relevant consideration in determining whether further production would constitute an undue burden. *See, e.g.,* FED. R. CIV. P. 26(b)(2)(C) (authorizing court to limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive");

*Tucker v. American Intern. Group, Inc.*, 281 F.R.D. 85, 93 (D. Ct. 2012). "In considering whether a subpoena is unduly burdensome, courts take into account factors such as relevance and the need for the evidence." *Pierce v. United States*, 2015 WL 13843360, at *5 (N.D.N.Y. Oct. 19, 2015); *see also Cohen v. City of New York*, 255 F.R.D. 110, 117-118 (S.D.N.Y. 2008). Here, given the concession that Plaintiff is already in possession of some documents it believes Mr. Gaul possesses, the Court finds it would be unnecessary and unduly burdensome to direct Mr. Gaul "to reproduce documents in response to the subpoena which [Plaintiff] acknowledges it has already received." *ACI Worldwide Corp. v. Mastercard Techs., LLC*, 2016 WL 3647850, at *5 (D. Neb. July 1, 2016).

Plaintiff also "suspect[s]," Dkt. No. 28-1 at p. 3, that Mr. Gaul "should have more documents." Dkt. No. 26 at ¶ 6. The Court does not find this speculation sufficient to direct further proceedings at this time. "While considerable latitude is permitted in securing the production of documents and records, the court should be careful to see that the right to subpoena shall not be exercised to the extent that it degenerates into a pure 'fishing expedition' and an unreasonable burden upon the one having documents and records in its possession." *Chase Nat. Bank of City of New York v. Portland Gen. Elec. Co.*, 2 F.R.D. 484, 484 (S.D.N.Y. 1942).[1] Plaintiff has identified, in general terms, several categories of documents it believes Mr. Gaul should have produced. Dkt. No. 26 at ¶ 6; Dkt. No. 28-1 at p. 3. Mr. Gaul denies there are any further documents to produce.

---

[1] The Court notes that Plaintiff clearly had a good faith basis for the original issuance of the subpoena.

Dkt. No. 31. The record reflects a significant degree of distrust among the parties as to their respective positions. That distrust alone, however, is not a sufficient basis to compel further production. *See Boykin Anchor Co. v. Wong*, 2012 WL 937182, at * 4 (E.D.N.C. Mar. 20, 2012). At this stage, to the extent that Plaintiff believes Mr. Gaul may have knowledge about investigations and property inspections, *see* Dkt. No. 26 at ¶ 6; Dkt. No. 28-1 at p. 3, it appears to the Court that a deposition, rather than continued contentious litigation over this document subpoena, might be a more productive way to obtain this information. *See generally* FED. R. CIV. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The Court concludes that directing further proceedings here would not serve interests proportional to the needs of the case and would constitute an undue burden.

**ACCORDINGLY**, it is hereby

**ORDERED**, the Motion to Compel (Dkt. No. 1) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED**.

Dated: April 21, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge